IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MONZELLE L. STEPTOE,<br><br>Plaintiff,<br><br>v.<br><br>UNKNOWN DEFENDANTS,<br><br>Defendants. | 2:26-CV-175-Z-BR |

**ORDER MODIFYING AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case as three-strikes barred under 28 U.S.C. Section 1915(g). ECF No. 4. An Objection to the FCR has been filed. ECF No. 8. After making an independent review of the pleadings, files, and records in this case, the Court concludes the FCR should be **MODIFIED**. Further, the Court **OVERRULES** Plaintiff's Objection and concludes that the Modified FCR is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 4) is **ADOPTED AS MODIFIED** by this order and this case is **DISMISSED without prejudice**.

**LEGAL STANDARD**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the

fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

**ANALYSIS**

**I. Modification of the FCR**

The FCR recommends dismissing this action as barred by the "three-strikes" provision of 28 U.S.C. Section 1915(g). ECF No. 4. Under that provision, a prisoner cannot file a civil action without paying the filing fees if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides one exception: a prisoner who would otherwise be barred can file if he is "under imminent danger of serious physical injury." *Id.*

Plaintiff is a prisoner and has not prepaid his filing fees. ECF No. 1. Accordingly, if the three-strikes provision of Section 1915(g) applies, the Court must dismiss this case.

Two of the cases the FCR cited in support of applying the three-strikes bar appear to be active cases. *See Steptoe v. Gallegos*, No. 5:25-CV-003 (N.D. Tex. filed Jan. 10, 2025); *Steptoe v. Boen*, No. 5:25-CV-016 (N.D. Tex. filed Jan. 27, 2025). In both cases, the Court dismissed Plaintiff's frivolous *filings*. Order, *Steptoe v. Gallegos*, 5:25-CV-003 (N.D. Tex. Aug. 26, 2025) (ECF No. 23) (denying motions as frivolous and warning Plaintiff "if he continues to file frivolous documents in this case, sanctions will be imposed"); Order *Steptoe v. Boen*, No. 5:25-CV-016 (N.D. Tex. June 17, 2025) (ECF No. 25) (same). However, to be three-strikes barred, a Plaintiff must have three "*actions* or appeals" dismissed as frivolous, malicious, or

for failure to state a claim. 28 U.S.C. § 1915(g). Because these two cases are still active, they do not count against Plaintiff for three-strikes bar purposes.

However, the FCR is correct that Plaintiff is barred by the three-strikes provision. One of the cases the FCR cited does count against Plaintiff, because it was dismissed at screening for failure to state a claim. ECF No. 4 at 2. And Plaintiff has had at least two other actions dismissed for failure to state a claim. Accordingly, the FCR is **MODIFIED** to reflect that the following three actions were filed by Plaintiff while incarcerated and were dismissed at screening for failure to state a claim: (1) *Steptoe v. Adams*, No. 2:11-CV-084 (N.D. Tex June 17, 2011) (ECF No. 19) (dismissing complaint at screening for failure to state a claim); (2) *Steptoe v. Back*, No. 1:24-CV-526 (E.D. Tex. July 10, 2025) (ECF No. 7) (same); (3) *Steptoe v. Back*, 1:24-CV-499 (E.D. Tex. Aug. 22, 2025) (ECF No. 10) (same).

Because Plaintiff has filed at least three actions as a prisoner that were dismissed as frivolous or for failure to state a claim, he is barred from filing IFP unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's Complaint does not meet this very limited exception. The Complaint is mostly incomprehensible. *See, e.g.*, ECF No. 3 at 1 (Plaintiff referring to himself as "British Monarchy King"); *id.* ("I have ratified by the inherent power and assistance of the organism's spiritual being Representative of the House who has given me the law and written Constitution that has been hidden 239 years ago."). To the extent it alleges legal violations, they seem to be related to the Religious Land Use and Institutionalized Persons Act (*id.* at 1) or an alleged property or contract dispute (*id.* at 3). Plaintiff has not shown or alleged that he "is under imminent danger of serious physical injury," so the exception to the three-strikes provision does not apply. 28 U.S.C. § 1915(g).

**II. Objections**

The Magistrate Judge filed her FCR on August 21, 2026. ECF No. 4. Plaintiff signed a Motion for Extension of Time to file Objections to the FCR twelve days later, on September

2, 2026. ECF No. 5 at 2. Given Plaintiff's prisoner and pro se status, the Court finds good cause exists to grant Plaintiff's timely extension request. *See* FED. R. CIV. P. 6(b)(1)(A) (allowing extensions of deadlines for "good cause" if the request is made before the original deadline). Accordingly, Plaintiff's Motion for Extension (ECF No. 5) is **GRANTED**.

The Court is in receipt of Plaintiff's Objection to the FCR, which was signed by him on September 21, 2026. ECF No. 8 at 20. Because the Court granted Plaintiff's Motion for Extension of Time to file Objections, the Objections are deemed timely. Thus, this Court will review de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

Plaintiff's Objections to the FCR, including attached exhibits, span 169 pages. *See* ECF Nos. 8, 8-1, 8-2, 8-3, 8-4, and 8-5. Some of these voluminous objections can be construed as objecting to the FCR's recommendation that this case should be dismissed under Section 1915(g) as three-strikes barred. For example, Plaintiff notes (as the Court noted above) that two of the cases cited in the original FCR are still pending. ECF No. 8-1 at 1. The Court already addressed this objection by modifying the FCR to replace those cases with two actions which were dismissed for failure to state a claim. Plaintiff also suggests that the third case, *Steptoe v. Adams*, No. 2:11-CV-084 (N.D. Tex June 17, 2011) was voluntarily dismissed. ECF No. 8 at 2. But a review of the docket in that case shows the action was dismissed by the presiding judge for failure to state a claim. *See* Memorandum Opinion and Order of Dismissal at 6–7, *Steptoe v. Adams*, No. 2:11-CV-084 (N.D. Tex June 17, 2011) (ECF No. 19) ("[T]he Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff Monzelle Lavan Steptoe is dismissed with prejudice for failure to state a claim on which relief can be granted."). Accordingly, Plaintiff's Objection is **OVERRULED**.

The remainder of Plaintiff's Objections do not appear to make any specific objections to the Magistrate Judge's FCR. *See* ECF No. 8 at 5–7 (purporting to define the laws of the "New States of America"); *id.* at 7–13 (copying what appears to be a deposition or trial transcript); *id.* at 13–20 (discussing complaints with his underlying criminal proceeding and *other* civil actions). Nor do the exhibits attached to his objections make further specific objections to the FCR. *See* ECF No. 8-1 (mostly annotated copies of orders filed in Plaintiff's other civil actions); ECF No. 8-2 (purporting to reproduce portions of Texas law and the Book of Psalms without explaining their relevance to this case); ECF No. 8-3 (purporting to reproduce the "Proposed Organic Law Constitution"); ECF No. 8-4 (annotated copies of legal paperwork from Plaintiff's underlying criminal case); ECF No. 8-5 (mostly annotated copies of orders filed in Plaintiff's other civil actions). Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections, Plaintiff's Objection is **OVERRULED**.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Extend Time (ECF No. 5) is **GRANTED**, and Plaintiff's Objection to the FCR (ECF No. 8) is deemed timely filed. The Court **OVERRULES** Plaintiff's Objections and concludes that the FCR of the Magistrate Judge, as modified by this Order, is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge is (ECF No. 4) is **ADOPTED AS MODIFIED** by this order.

Plaintiff's Motion for Leave to Proceed IFP (ECF No. 6) is **DENIED** as moot. Plaintiff's Motion to Reopen Case (ECF No. 7) is **DENIED** as premature, because it was filed while this case was still open.

This case is **DISMISSED** as barred by the three-strikes provision of 28 U.S.C. Section 1915(g). This dismissal is without prejudice to Plaintiff's right to reopen the case if he pays the filing fee and any administrative fees in full and files a motion to reopen within thirty days of the date of final judgment. The United States District Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

October 1, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE